Thank you, Your Honor. My name is Bob Kovacevic. I represent the Hood Professional Corporation. I'll try and talk for five minutes and save time for rebuttal. Basically, I'd like to tell the Court that the statutes here were enacted by Congress to allow some relief from debt collection by the Internal Revenue Service, and of course Congress said that there would be a review by an impartial officer of the Internal Revenue Service. It's kind of like putting the fox in the hen house, in a sense, because if the review or the installments are denied, then the same officer that gets all the financial information goes ahead and turns it over back to collection. And of course, that's why Congress decided that the judges would review this. And the judges being impartial, they would review the action of the settlement officer, and that's why we're here. However, as Your Honors know, the judge did not give us our day in trial and granted a summary judgment despite the long affidavit of Karen Hood, the wife of Dr. Hood, the dental surgeon. However, the poor judge now, and you know, I think your client having to appear in front of the agency's boards in order to exhaust his remedies is not just an IRS problem. It goes in every one of these agency actions. But then when the court gets it, the court has to look to see what's going on, and it's a matter of discretion. The court is under 26 U.S.C. 6159. The appeals officer has discretion to accept or reject any proposed installment plan. So we are now then reviewing the IRS appeals officer's discretionary decision, are we not? Your Honor, I've agreed up to the point of discretion. Your review here, I urge the courts, is de novo because there's $187,000 argument about whether it was properly credited. But you didn't raise that in front of the IRS appeals officer. I believe it was, Your Honor. I was not there. Where? Where? It's pretty hard to find. The amount owed I didn't find was in front of the appeals office. Your Honor, I can't tell you that it was, but Karen Hood's affidavit, excerpts 42, talks about the $187,000 wasn't credited. That was before the district court. That's right, Your Honor. Not before the agency. I can't represent that, Your Honor. So how do we take up an issue that the poor agency didn't even have a chance to look at, even though you had a chance to present it there? The reason, Your Honor, is that the review is only by a letter from an unauthenticated letter of the review officer, which is not evidence. Obviously, we all know that when you go to court, you become sworn and you tell the story. None of that's there. There's only the dry letter written by the settlement officer about what happened in the conference. And that's part of the argument. Well, the bottom line here is that the agency didn't allow the installment plan. That's right. Isn't that right? That's really what this is all about. That's right. And, Your Honor, I've argued cases before the Ninth Circuit and also in tax court. And I have a problem here. There's other cases in tax court. The Hoods had a real estate company for their building, and then they were assessed personally. They're cases before the tax court. And I couldn't make a 28-J in my judgment because there's not a findings of fact, but I can represent to your honors that Judge Krupa of the tax court on later quarters said, I looked at the transcript, and let's review this and report back to me. And I say that as argument because there were not findings. There was not research done and submitted and transcript references. But I can argue to your honors that Judge Krupa looked at it later and said, let's take a look at this again. And I submit that obviously your honors don't have to follow the tax court or an order that is entered. I don't know what you're talking about. But all I know, you can easily sit down, I suppose at any time with the IRS, if you've got some way you can satisfy your tax obligation, your client. That's right. They can sit down with the IRS at any time. And I imagine if there was a showing to the IRS that you could make reasonable installment payments in a shorter time frame so that all current payments are also being met, they might be willing to sit down and talk to your clients. They may, your honor, but this is catastrophic. Almost everything that could happen to the Hoods happened to them. They got into a lawsuit. The accountant that was supposed to find the embezzlement and the insurance company hired said we paid them. They can't borrow on the land. And so there could hardly be any worse fiction. Let me ask you, has the IRS taken any steps to enforce any of the liens that they levied on the personal property? Not at this point, your honor, because. And I gather the Hoods have been paying their current taxes, is that correct? That's right, your honor. So they're all in good order to date? Sure, they can earn it out, your honor. So there's the delinquency, the amount passed due that's in dispute, right? That's right, your honor. So if they're in a position where they can pay, I mean you've got a friendly tax lawyer here from the government. They're on a treadmill. The money they earn to pay their back taxes is not deductible. Then they have to pay their current taxes. That's why we pay as you go, the installment method. The newspapers are full of TARP fund and bailouts. The small business doesn't get those bailouts. And, your honor, all we're asking that we go back before. Let me ask you a question. Let me get you off that issue really because I don't know that it really gets you anyplace. Do you have any case law that suggests that if the taxpayer has not paid his unpaid employment taxes at the time when they check, they're verifying whether he's paying his current taxes at the time he's asking to have an installment, do you have any case that suggests that they have to do it? If there is no such a case, then I'm having a tough time on a discretionary review saying that the old appeal officer was wrong. I want to make sure I understand you. Do you have any case that suggests that if when you ask to pay your employment taxes in installments, that if you're not currently paying the taxes as due now, that you get that every time? No, your honor. There may be such cases. There aren't any cases. Or at least I couldn't find them and my law clerk couldn't find them. We're not necessarily the best in America either. That's why I'm asking you. I'm saying otherwise, how do I say it's an abuse of discretion when your client isn't paying their taxes as due and want to come in and pay the old taxes and installments that the IRS has to allow it? That's what you're asking me. That's what you're saying you need me to do. I'm not asking your honors to be that strict on an opinion. I'm asking that we go back to the district court and review what happened, your honor. And I don't know of any cases. There may be some, but I couldn't find any. Counsel, you wanted to save five minutes. You only have a minute and 40 seconds. Thank you, your honor. Good morning, your honors. Gretchen Wolfinger for the United States. The appeals officer in this case did not abuse his discretion, and accordingly the district court judgment should be affirmed. I think it's fairly clear that at the time of the CDP hearing and at the time the record was made before the appeals officer, what I'll refer to as Dr. Hood, although I mean his dental practice, Dr. Hood had not paid and was not current on his employment taxes. And in fact, the appeals officer asked counsel representing Hood to provide information about whether or not he was current. He didn't provide that information, and the appeals officer determined it on his own. At the time then of the CDP hearing and the time the appeals officer was to make his decision, there was not current payment of employment taxes, and therefore that is a sound and correct basis for denying the installment agreement, both as a matter of IRS regulations and case law and certainly common sense. If you can't pay current employment taxes, it's going to be very difficult to run a business, pay your current expenses, and also, I believe as Mr. Kovacevic has indicated, pay back taxes as well. Mr. Kovacevic also made a brief reference to the fact about what was part of the record below and what was introduced before the district court, and I would like to address that briefly. The attorney below representing the United States introduced a number of documents into evidence through her declaration. Exhibits A through Q were the certificates of assessment and payment, and there shouldn't be any question about whether that's permissible evidence because pursuant to this court's Hughes case, those are self-authenticating documents. The attorney also introduced notice of the intent to levy, which started the CDP proceeding, the request for a CDP hearing submitted by Hood, and also the notice of determination. Those documents would have been admissible even without a declaration because they are the key documents that form the basis for the appeal here in this court's jurisdiction. And in response to Dr. Hood's pleading, we were permitted to introduce those key documents into evidence. And further, I don't believe that there's been any dispute that those documents are not complete and correct and official documents. Now, let me ask you, all this being said, I mean, obviously if they can't, they're not earning enough to be paying both the back and the current taxes. I mean, wouldn't it be better for you two to sit down and work out a payment plan just so that the government gets its money rather than have them go out of business? Well, I'm not sure. I can't speak for the IRS, but there is another. Aren't you the IRS? Well, yes, I can speak for them in terms of the law and the facts of this case, but not in terms of the settlement. There is an alternative. It is possible because he has not paid employment taxes that Dr. Hood could be held or deemed a responsible person or responsible party for the payment of those taxes, and there would be assets that would be available through him personally that would not perhaps be available through the dental practice itself. For example, his house, which he wants to use as the basis for, in this case, the installment payment. The IRS could choose to proceed along that track rather than through, I'll say, a track addressing the dental practice's issues. The other thing I would state is that there could be some reluctance on the part of the IRS in view of the fact that the dental practice struggled initially prior to the CDP hearing with the IRS officer to find funding to pay the back taxes, then went into personal or was at that time the Hoods were in personal bankruptcy. Now several months, if not years, have passed, and I think the economy has deteriorated somewhat. I don't know what effect that would have on Dr. Hood and his dental practice, but in view of prior proceedings in this case, the IRS would, I believe, want Dr. Hood to be sure that he had a plan in place that would be effective and expeditious, that he had the funding in place and he could realistically address that back tax issue. That was a lengthy response to your question, but I have addressed the questions about the exhibits that were introduced by the trial attorney below, and as this panel, I believe, recognizes, the Hood affidavit, which was placed before the district court, was not part of the record below, and the key issue is what the facts were at the time the appeals officer made his decision. And in addition, although issues were raised conceivably before the district court, those issues didn't appear to be raised in the complaint either. So if there are no further questions. I have no questions. Thank you. Your Honor, following up on that, the record also shows that the Internal Revenue Service levied on the insurance payments of the patients, the $187,000, and so part of the problem was exacerbated by the levy. Yes, I have cases where the Internal Revenue Service allowed on payroll installments, and I'm proud to say one of them was a client who's now been in, would have been out of business and laid employees off. They succeeded in paying a large amount of back payroll taxes, very prosperous at this time, and expanded and hired more people. The Internal Revenue Service really abused their discretion here, because we have a dental surgeon who was a high earner. It's not a situation where I had one yesterday, a logger's out of business because of the downturn in the economy. Here, Dr. Hood, a successful dental surgeon, could earn his way out of it, and you do that, again, by payment of installments. You are on a treadmill. I handle quite a few of these cases which really aren't, frankly, it's kind of like a physician practicing oncology. There's not exactly wins and losses here. It's trying to help them get installments to pay as you go. That's what we were after. Your Honor, these are strange cases. In the tax court cases, as time went by, some of the quarters were paid. I can't represent all of the back quarters, but when you get the $187,000 applied, we're slowly getting those quarters paid on. So we just want a chance. All right. Well, thank you, counsel. Hood v. United States will be submitted.
judges: Wardlaw, Paez, Smith N. R.